# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2026

Lyle W. Cayce
Clerk

No. 25-20434
Summary Calendar

_____

IN THE MATTER OF LOCKWOOD HOLDINGS, INCORPORATED

*Debtor*,


MICHAEL LOCKWOOD,

*Appellant*,


*versus*


B. RILEY FINANCIAL, INCORPORATED; MARK SHAPIRO;
GLASSRATNER ADVISORY & CAPITAL GROUP, L.L.C.,

*Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1378

_____

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20434

Michael Lockwood, sole shareholder of debtor Lockwood Holdings, Inc. and related debtor entities, appeals the district court's decision affirming two orders by the bankruptcy court holding him in civil contempt and awarding attorney fees and costs to Appellees. Because the bankruptcy court did not abuse its discretion in entering the orders, we AFFIRM.

I.

The debtors, Lockwood Holdings, Inc. ("Holdings") and several related entities, filed chapter 11 bankruptcy petitions. Lockwood was the sole shareholder and CEO of Holdings and the other debtor entities. The debtors engaged Appellee GlassRatner Advisory & Capital Group, LLC to provide a chief restructuring officer ("CRO")—Appellee Mark Shapiro. The debtors, through Shapiro, proposed—and the bankruptcy court confirmed, over the objections of Lockwood—a plan of reorganization. Lockwood did not appeal the order confirming the plan. Among other things, Section 11.3 of the confirmed plan released Appellees, including Shapiro, from any and all claims related to their work on behalf of the debtors. Section 11.4(a) of the confirmed plan, also contained the following injunction provision:

> Except as otherwise expressly provided in this Plan, all Persons or entities who have held, hold, or may hold Claims against or Equity Interests in any Debtor are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against . . . [any] other entity released, discharged or exculpated hereunder, . . . or (v) pursuing any Claim released under the Plan.

Almost two years after plan confirmation, Lockwood filed suit against Shapiro in Texas state court seeking damages of one billion dollars and asserting that Shapiro owed a duty to act for the benefit of Lockwood's personal interests and that Shapiro's work as the CRO personally harmed

2

Lockwood when his equity interest in the debtors was eliminated.[1] Shapiro—joined later by the other Appellees after Lockwood added them as defendants in the state court suit—filed an emergency motion in the bankruptcy court to enforce the release and injunction provisions of the confirmation order. The bankruptcy court held a hearing on Appellees' emergency motion, and on February 8, 2021, the bankruptcy court entered an order granting the motion to enforce and ordering Lockwood to dismiss the state court suit with prejudice within 48 hours ("Enforcement Order"). Lockwood appealed the Enforcement Order to the district court.[2] He also filed a motion for stay of the Enforcement Order pending appeal. The bankruptcy court denied the motion for stay.

After entry of the Enforcement Order, when Lockwood failed to dismiss the state court case, Appellees filed a motion for contempt. At the hearing on the contempt motion, the bankruptcy court noted that there was no stay of the Enforcement Order because both that court and the district court had denied Lockwood's motions for stay pending appeal.[3] The bankruptcy judge acknowledged that under Fifth Circuit case law, he was obligated to impose the least onerous sanction necessary to achieve compliance with the Enforcement Order. *See In re First City Bancorporation of Texas Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). The bankruptcy court then asked Lockwood, "what do I have to do to get your compliance?" Lockwood

---

[1] Other claims were asserted against the other Appellees, all relating to their work on the bankruptcy case.

[2] Ultimately, after briefing and argument, the Enforcement Order was affirmed by the district court. Lockwood did not further appeal the district court's decision.

[3] Prior to the Contempt Hearing, Lockwood re-urged the motion for stay of the Enforcement Order before the district court, which held a hearing and similarly denied the motion for stay, finding that Lockwood was unlikely to succeed on the merits and that he did not face irreparable harm.

replied, "I'm not sure." The bankruptcy court then asked Lockwood if he would dismiss the state court suit without prejudice, and Lockwood responded that he would not.

After the hearing, the bankruptcy court entered its contempt order, dated April 16, ordering that Lockwood be incarcerated until he complied with the Enforcement Order. Importantly, however, the bankruptcy court provided several opportunities for Lockwood to avoid that sanction. First, Lockwood was given 5 days, until April 21 at 11:00 a.m., to self-surrender to the United States Marshals. Second, Lockwood was given the opportunity to comply with the Enforcement Order prior to the surrender date and thus, avoid incarceration completely.

In response to a further motion, filed by Lockwood, to modify both the Enforcement Order and the Contempt Order, the bankruptcy court held a hearing on April 21 at 9:30 a.m., at which time it denied the motion to modify. Thereafter, Lockwood self-surrendered. At 11:31 a.m., Lockwood filed an emergency motion for release attaching a "Notice of Non-suit Without Prejudice" that he had filed in state court. Although the Notice did not comply with the Enforcement Order, as the Notice dismissed the state court suit *without* prejudice instead of *with* prejudice, the bankruptcy court entered an order for the release of Lockwood.

In connection with the Enforcement Order, the bankruptcy court also stated that it would require Lockwood to pay attorney fees for Appellees. Appellees filed a bill of costs, and Lockwood objected. The bankruptcy court then held a hearing on Lockwood's objection and entered an order granting fees to Appellees.

## II.

"This court reviews 'the decision of a district court sitting as an appellate court in a bankruptcy case by applying the same standards of review

4

to the bankruptcy court's findings of fact and conclusions of law as applied by the district court.'" *Matter of Linn Energy, L.L.C.*, 927 F.3d 862, 866 (5th Cir. 2019) (quoting *In re Lopez*, 897 F.3d 663, 668 (5th Cir. 2018)). "As such, this court acts as a second review court and reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error." *Id.* (internal quotation marks omitted).

"A bankruptcy court's assessment of monetary sanctions for contempt is reviewed for abuse of discretion." *In re Bradley*, 588 F.3d 254, 261 (5th Cir. 2009) (citing *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir.1997)).

## III.

Lockwood's primary argument is that "he had a reasonable, good-faith basis for his actions," attempting to fit within the protections of *Taggert v. Lorenzen*, 587 U.S. 554 (2019) (a bankruptcy court may impose civil sanctions where there is not a "fair ground of doubt" for concluding that the complained of conduct might be lawful). The district court found, correctly, that Lockwood did not make this argument before the bankruptcy court, and thus, he waived it. *Lockwood v. B. Riley Financial, Inc.*, 2025 WL 2462803 at *3 (S.D.Tex. August 27, 2025). "It is well established that we do not consider arguments or claims not presented to the bankruptcy court." *In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001).

Further, Lockwood never asserted before the bankruptcy court that the Enforcement Order was not clear, or that he did not understand what it required. Rather, he simply disagreed with the Enforcement Order and chose not to comply with it. This he cannot do. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then . . . what the Constitution now fittingly calls

the 'judicial power of the United States' would be a mere mockery." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

Lockwood also argues that the bankruptcy court's Contempt Order was based on improper grounds, because civil contempt sanctions may not have as their primary purpose the punishment of the contemnor or vindicating the authority of the court, citing to our decision in *In re Highland Capital Mgmt., L.P.*, 98 F.4th 170, 174 (5th Cir. 2024). To support this argument, Lockwood points to statements the bankruptcy judge made during the hearing on the motion to enforce. But those statements were not the bankruptcy court's basis for the Contempt Order, which was the subject of a separate hearing, conducted months later. Further, Appellees are correct that Lockwood did not raise this issue before the bankruptcy court, nor did he assert it before the district court. This argument is also waived.

Lockwood next argues that the bankruptcy court should have imposed less severe sanctions to gain compliance with the Enforcement Order. The district court rejected this argument, finding:

> [W]hen asked during oral argument before this Court, [Lockwood] again affirmed that, while he thought he had grounds for further challenge, he was knowingly in contempt of the order and that the order alone wasn't going to bring about his compliance.

*Lockwood v. B. Riley Fin., Inc.*, 2025 WL 2462803, at *3.

We find no error in this conclusion of the district court that Lockwood failed to show an abuse of discretion by the bankruptcy court. Lockwood stated to both courts that he would not comply with the Enforcement Order, and the Contempt Order provided Lockwood with the opportunity to avoid incarceration if he would comply with the Enforcement Order. Further, the

record shows he was released as soon as he did comply with the Enforcement Order.

Finally, Lockwood states that his second issue on appeal is whether the bankruptcy court abused its discretion in ordering him to pay attorney fees incurred by Appellees in connection with the contempt motion. An appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED.R.APP.P. 28(a)(8). Lockwood does not brief this argument, so it is also waived. *See Boone v. Rankin Cnty. Pub. Sch. Dist.*, 140 F.4th 697, 711 (5th Cir. 2025) ("[F]ailure to raise an issue on appeal constitutes waiver of that argument.") (internal quotation omitted).

### IV.

Finding no reversible error, the order of the district court, affirming the bankruptcy court, is AFFIRMED.